**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION AT LAFAYETTE**

| | | |
|---|---|---|
| BENJAMIN ROGERS, as Personal Representative of the Estate of ASHLEY ROGERS, and BENJAMIN ROGERS, Individually, <br>     Plaintiffs, <br><br> v. <br><br> QUALITY CARRIERS, INC., and KIMBERLY THIETJE, <br>     Defendants. | ) ) ) ) ) ) ) ) ) ) ) | CAUSE NO.: 4:15-CV-22-JD-JEM |

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE PURSUANT TO 28 U.S.C. § 636(b)(3) AND LOCAL RULE 72-1**

This matter is before the Court on an Order [DE 90] referring this matter to the undersigned Magistrate Judge for a report and recommendation on whether to award Plaintiffs their expenses and fees incurred in preparing their successful Motion to Compel [DE 40], which the Court granted on June 21, 2016 [DE 66]. Plaintiffs have filed an itemization [DE 67] of their costs and fees incurred in making the Motion to Compel, Defendants have responded [DE 72], and Plaintiffs have replied [DE 73].

**I.     Background**

Plaintiffs filed this wrongful death suit against Defendant Quality Carriers and its employee Kimberly Thietje in state court in 2014. The Complaint raised allegations arising from a December 2013 car crash that killed Ashley Rogers, on whose estate's behalf Plaintiff Benjamin Rogers is suing. Defendants removed the case to federal court in 2015.

1

In response to Plaintiffs' request for production of documents, Defendants produced Thietje's employment file, which included a three-page, redacted document identified as the Quality Incident Investigation, Root Cause, and Corrective Analysis Report. Defendants declined to produce an unredacted version of the incident report, and in January 2016 Plaintiffs filed a Motion to Compel, asking the Court to order Defendants to produce an unredacted version.

Defendants argued in response that the incident report was protected under the attorney work product doctrine, attorney-client privilege, 49 U.S.C. § 504(f), Federal Rule of Evidence 407, and the self-critical analysis doctrine.

In June 2016, the Court granted Plaintiffs' Motion to Compel. The Court found: (1) that the incident report was not protected by the attorney work product doctrine; (2) that attorney-client privilege did not apply; (3) that 49 U.S.C. § 504(f) did not apply; (4) that Federal Rule of Evidence 407 did not apply; and (5) that the Seventh Circuit has not recognized a "self-critical analysis" privilege. The Court ordered Defendants to produce the unredacted incident report. The Court also ordered briefing on whether Plaintiffs should be awarded their expenses and fees under Federal Rule of Civil Procedure 37(a)(5)(A).

**II.     Analysis**

If the Court grants a motion to compel, the Court "must, after giving an opportunity to be heard, require the party. . . whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). The Court must *not* order payment if the movant filed before trying in good faith to resolve the issue, if the opposing party's nondisclosure was "substantially justified," or if "other

2

circumstances" make a fee award unjust. Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii). District courts possess "wide latitude" in fashioning sanctions and evaluating the reasonableness of requested attorney fees. *Johnson v. Kirkland*, 192 F.3d 656, 661 (7th Cir. 1999).

The Court has granted Plaintiffs' Motion to Compel, and Plaintiffs tried in good faith to resolve the dispute before filing the motion, so the Court must award Plaintiffs their reasonable expenses here unless Defendants' refusal to produce the unredacted incident report was substantially justified or unless some other circumstance makes a fee award unjust.

Plaintiffs say their reasonable expenses are $5,240.00 in attorney fees. Defendants do not challenge the reasonableness of the amount, but they do argue that the Court should not award Plaintiffs any fees, on the ground that Defendants' position was substantially justified. The incident report was created at their counsel's direction, Defendants say, so it was reasonable to believe that the incident report was privileged.

Plaintiffs argue that a fee award is appropriate because Defendants' position was *not* substantially justified. Plaintiffs say that Defendants knew the incident report was created by a Quality Carriers employee (not a lawyer), knew the report contained no mental impressions of counsel, and knew that the report contained no legal theories, conclusions, or opinions. A reasonable person who possessed this knowledge, Plaintiffs argue, could not justify withholding the report on privilege grounds.

The Court agrees with Defendants and finds that Defendants' refusal to produce the unredacted incident report was substantially justified. Although the Court rejected Defendants' position on the merits, Defendants cited case law in support of their position, and the Court spent 7 pages resolving the dispute. *See* DE 66 at 6-12. And nothing suggests that Defendants acted in bad

3

faith, as they produced a redacted version of the incident report and listed it in their privilege log in October 2014. *Compare Clark v. Ruck*, No. 13-3747, 2014 U.S. Dist. LEXIS 51702 (N.D. Ill. Apr. 15, 2014) (denying plaintiff's request for fees after granting motion to compel even though defendants had cited *no* legal authority, because there was no indication of bad faith).

The parties' briefs also address Plaintiffs' request for Thietje's DOT Alcohol and Controlled Substance Test Results, but the Court granted that request pursuant to Plaintiffs' Motion to Determine Relevancy Pursuant to 49 FMCSR § 40.323 [DE 55], not a Rule 37 motion to compel, so Rule 37's fee-award provisions do not apply.

**III.    Conclusion**

The Court **RECOMMENDS** that Plaintiffs not be awarded their expenses and fees incurred in preparing their Motion to Compel [DE 40].

Pursuant to 28 U.S.C. § 636(b)(1), the parties shall have 14 days after being served with a copy of this Recommendation to file written objections. Failure to file a timely objection will result in waiver of the right to challenge the Recommendation.

SO ORDERED this 15th day of November, 2016.

s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc:    All counsel of record