**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION AT LAFAYETTE**

| | |
|---|---|
| BENJAMIN ROGERS, individually and as personal representative of THE ESTATE OF ASHLEY ROGERS, <br><br> Plaintiff, <br><br> vs. <br><br> QUALITY CARRIERS, INC., and KIMBERLY THIETJE, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) CAUSE NO. 4:15-cv-22 <br> ) <br> ) <br> ) <br> ) <br> ) |

## OPINION AND ORDER

This matter is before the Court on the Report and Recommendation of United States Magistrate Judge Pursuant to 28 U.S.C. § 636(b)(3) and Local Rule 72-1, dated November 15, 2016 (DE #91), and Plaintiff's Written Objections to 28 U.S.C. 636 (b)(3) and Local Rule 72-1 Recommendation, filed by Plaintiff on November 28, 2016 (DE #95).  For the reasons set forth below, the objections are **OVERRULED** and the report and recommendation (DE #91) **ADOPTED**.

BACKGROUND

Plaintiff filed this wrongful death suit against Defendant, Quality Carriers, and its employee, Kimberly Thietje, in state court in 2014.  Defendants removed the case to this Court on March 10, 2015. The case stems from a car crash in December 2013, which

killed Ashley Rogers.

On January 11, 2016, Plaintiff filed a renewed motion to compel. (DE #40.) In response to Plaintiff's request for documents, Defendants had produced Thietje's employee file, including a three-page completely redacted document identified as the Quality Incident Investigation, Root Cause, and Corrective Action Report ("QIRCR"). Defendants refused to produce an unredacted version of the QIRCR, so Plaintiff filed the motion to compel, asking the Court to order Defendants to produce an unredacted version.

In response to the motion to compel, Defendants argued the redacted portions included work product and mental impressions of defense counsel. (DE #44 at 1-2.) Specifically, they set forth that within 2.5 hours of the accident, Quality Carriers retained counsel and dispatched him to the scene of the accident, and that the privileged information from the QIRCR came into existence because of a claim likely to lead to litigation. (DE #44 at 8.) Additionally, Quality Carriers argued the document was privileged work product, not prepared in the ordinary course of business, but in anticipation of litigation. (DE #44 at 10.)

In ruling on the motion to compel, Magistrate Judge John E. Martin considered a number of potentially applicable privileges, including attorney work product, attorney-client privilege, the self-critical analysis privilege, and whether the Department of

Transportation Act, 49 U.S.C. § 504(f), barred the QIRCR from discovery. Ultimately, in a lengthy order, Judge Martin found that the report was not attorney work product because the form itself was not completed by counsel and did not include any legal theories or legal opinions, plus it was not covered by the attorney-client privilege because Quality Carriers did not satisfy the burden of showing the document was an attorney-client communication requesting or relaying legal advice. (DE #66 at 7-9.) Judge Martin determined none of the potential privileges were available, and ordered production of the full QIRCR.

In accordance with Federal Rule of Civil Procedure 37(a)(5)(A), which provides "the court must, after giving an opportunity to be heard, require the party . . . or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees," the Court ordered Plaintiff to file an itemization of costs and fees incurred in making the motion to compel. (DE #66 at 16.)

Plaintiff filed an itemization on June 24, 2016 (DE #67), requesting $5,240 in fees and costs. Defendants filed a response in opposition on July 7, 2016. (DE #72). Defendants did not challenge the amount of the expenses, but argued the award of costs would be inappropriate because under Rule 37, their nondisclosure "was substantially justified." (Fed. R. Civ. P. 37(a)(5)(A); *see also* DE # 72 at 2.) Defendants claim they acted in good faith in

3

asserting the privileges, and because their counsel directed an alcohol and controlled substance test (the results of which were reflected in the QIRCR), they believed the testing was protected by the several privileges. (*Id.* at 4-5.) In his report and recommendation, Judge Martin correctly cited to the legal standard under Rule 37 and found:

> The Court agrees with Defendants and finds that Defendants' refusal to produce the unredacted incident report was substantially justified. Although the Court rejected Defendants' position on the merits, Defendants cited case law in support of their position, and the Court spent 7 pages resolving the dispute. *See* DE 66 at 6-12. And nothing suggests that Defendants acted in bad faith, as they produced a redacted version of the incident report and listed it in their privilege log in October 2014.

(DE #91 at 3-4.)

In the instant objection, Plaintiff urges the Court to re-examine the motion to compel and arguments made therein, and argues the QIRCR "is a routine form filled out every time a QC driver gets into a collision. Substantial justification cannot be found in the defendant's argument that the document was prepared in anticipation of litigation." (DE #95 at 2.) This Court has reviewed and considered all the relevant memoranda.

DISCUSSION

When a party makes objections to a magistrate judge's recommendations, "[t]he district court is required to conduct a *de*

4

*novo* determination of those portions of the magistrate judge's report and recommendations to which objections have been filed." *Goffman v. Gross*, 59 F.3d 668, 671 (7th Cir. 1995). "[T]he court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). "[I]f following a review of the record the district court is satisfied with the magistrate judge's findings and recommendations it may in its discretion treat those findings and recommendations as its own." *Goffman*, 59 F.3d at 671. It must be noted that district courts possess "wide latitude" in fashioning sanctions and evaluating the reasonableness of requests for attorney fees. *Johnson v. Kakvand*, 192 F.3d 656, 661 (7th Cir. 1999).

Rule 37 provides the "court must . . . require the party . . . whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). However, the movant is not entitled to such fees and expenses where: (1) the movant did not make a good faith attempt to resolve the matter before involving the court; (2) the nondisclosure was substantially justified; or (3) other circumstances make an award of expenses unjust. *Id.* This standard has been described as "the loser pays" unless he establishes "that his position was substantially justified." *Rickels v. City of South Bend, Ind.*, 33 F.3d at 785,

786-87 (7th Cir. 1994). Judge Martin properly recited and applied this correct legal standard.

Here, Judge Martin concluded Defendants were substantially justified because they did provide legal support for their belief that certain privileges applied, they produced the document (although redacted), listed it in their privilege log, and there was no evidence of bad faith. This Court also finds there is no evidence of bad faith, and it is important that Defendants did produce the redacted document and record it in the privilege log. Moreover, this Court concurs that because Defendants put forth a cogent argument, supported by caselaw, that the QIRCR was protected by the attorney-client privilege and work product doctrine, an award of costs and fees is inappropriate. *See Thermal Design, Inc. v. Guardian Bldg. Prods., Inc.*, 270 F.R.D. 437, 439 (E.D. Wis. 2010); *Saunders v. Wesleyan Health Care Ctr., Inc.,* No. 1:1-cv-00384*,* 2011 WL 839664, at *3 (N.D. Ind. Mar. 7, 2011) (declining to award fees where, *inter alia*, a colorable written objection was given); *Frazier v. Se. Pennsylvania Transp. Auth.*, 161 F.R.D. 309, 314 (E.D. Pa. 1995) (declining to impose sanctions where position was not completely without basis in the law); *Hartland Lakeside v. WEA Ins. Corp.*, No. 12-C-154, 2013 WL 12180510, at *4 (E.D. Wis. June 25, 2014)(declining to impose fees where court was satisfied the position was substantially justified).

CONCLUSION

For the reasons set forth above, the Court **OVERRULES** Plaintiff's written objections to the report and recommendation of Magistrate Judge Martin (DE #95) and **ADOPTS** the report and recommendation (DE #91).


**DATED: June 19, 2017**              **/s/ RUDY LOZANO, Judge**
                                      **United States District Court**